TOWN OF EMERALD ISLE, BY AND THROUGH ITS MAYOR, RICHARD SMITH, AND ITS DULY ELECTED BOARD OF COMMISSIONERS, AND RICHARD SMITH, A. B. CREW, BEAULAH PASE, AND WALT GASKINS, INDIVIDUALLY v. THE STATE OF NORTH CAROLINA, JAMES B. HUNT, GOVERNOR, RUFUS EDMISTEN, ATTORNEY GENERAL, JAMES A. SUMMERS, SECRETARY OF THE DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT, AND JANE S. PATTERSON, SECRETARY OF THE DEPARTMENT OF ADMINISTRATION

No. 853SC389

(Filed 21 January 1986)

1. **Constitutional Law § 4— constitutionality of statute restricting vehicular beach access — standing to sue**

    The Town had standing to challenge the constitutionality of Ch. 539 of the 1983 North Carolina Session Laws because the Town was threatened with direct and immediate injury. The constitutionality of Ch. 539 was thus properly before the trial court regardless of whether the individual plaintiffs had standing.

2. **Statutes § 2.4— street right-of-way to beach closed by General Assembly — violation of local act prohibition**

    Ch. 539 of 1983 Session Laws, which directed the State to acquire public pedestrian beach access in the vicinity of Bogue Inlet and which closed the Inlet Drive right-of-way at Emerald Isle to non-emergency vehicular traffic, violated the prohibition in Art. II, § 24(1)(c) of the North Carolina Constitution against local acts discontinuing highways, streets or alleys. Ch. 539 was a local act; the ordinary understanding of the word "street" is that it is a place for the passage of motor vehicles used by the public; and, although the power of municipalities to regulate their streets is derived from and is subject to control by the General Assembly, the General Assembly must exercise its power within the limits of the North Carolina Constitution.

3. **Statutes § 4.2— unconstitutional portion of local acts severed — erroneous**

    The trial court erred by holding that the parts of Ch. 539 of 1983 North Carolina Session Laws which it had held unconstitutional could be severed

Town of Emerald Isle v. State of N. C.

from the remainder of the Chapter where the legislative intent was for there to be only pedestrian access to the acquired property; that part of the Chapter being unconstitutional, the entire Chapter must fail.

Judge PHILLIPS dissenting.

APPEAL by defendants from *Phillips, Judge.* Judgment entered 8 February 1985 in Superior Court, CARTERET County. Heard in the Court of Appeals 24 October 1985.

Plaintiffs brought this declaratory judgment action to challenge the constitutionality of 1983 N.C. Sess. Laws Ch. 539, § 1. That Act provides:

The Department of Natural Resources and Community Development, in cooperation with the Town of Emerald Isle, is hereby directed to acquire real property by purchase or condemnation, make improvement for and maintain facilities for the provision of public pedestrian beach access in the vicinity of Bogue Inlet. The town shall not be required to expend local funds to acquire real property, but shall be responsible for maintaining the facility. Public beach access facilities in the vicinity of Bogue Inlet shall include parking areas, pedestrian walkways, and rest room facilities, and may include any other public beach access support facilities. Insofar as is feasible, said facility shall include all lands inletward of the dune adjacent to the terminus of Inlet Drive and the adjacent portion of Bogue Court, as well as such adjacent properties necessary to provide adequate parking and support facilities. Notwithstanding any other law or authority to the contrary, beach access facilities in the vicinity of Bogue Inlet after the installation of said public pedestrian beach access facility shall not include facilities for vehicular access to the beach, including but not limited to the use of the Inlet Drive right-of-way for vehicular access; provided that such prohibition shall not apply until the pedestrian beach access facility is opened; after the installation of said public pedestrian beach access facility, motor vehicles are hereby prohibited from being operated on the ocean beaches and dunes adjacent to and within Blocks 51, 52, 53 and 54 of Emerald Isle; provided that this vehicular access prohibition shall not apply to reasonable access by public service, police, fire, rescue or other emergency vehicles.

Plaintiffs and defendants both moved for summary judgment. It was stipulated that the Inlet Drive right-of-way is a dedicated public street which is maintained by the Town of Emerald Isle.

The trial court granted plaintiffs' motion for summary judgment on the following grounds: (1) Chapter 539 violates the N. C. Constitution, Article II, sec. 24(1)(c) prohibition against local acts which authorize "the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys." (2) Chapter 539 is a local act concerning subject matter directed or authorized to be accomplished by general laws, in violation of N. C. Constitution, Article XIV, sec. 3. (3) Chapter 539 grants an exclusive emolument or privilege to property owners along the beach where vehicles are to be prohibited, in violation of N. C. Constitution, Article I, sec. 32. (4) Chapter 539 takes the vested property right of plaintiff Town in the dedicated right-of-way of Inlet Drive without due process of law as required by N. C. Constitution, Article I, sec. 19. The court held that the parts of Chapter 539 which it held unconstitutional could be severed from the rest of the Chapter. It ordered the defendants to comply with those parts of the Chapter which it had not held to be unconstitutional. Defendants appealed.

*Stanley and Simpson, by Richard L. Stanley, for plaintiff appellees.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel F. McLawhorn, for defendant appellants.*

WEBB, Judge.

[1] Defendants first contend the individual plaintiffs lack standing to challenge Chapter 539, and therefore the trial court erred in denying defendants' motion to dismiss. This contention does not raise a question which would constitute reversible error since the constitutionality of Chapter 539 was also challenged by plaintiff Town. Defendants do not contest the standing of the Town on this issue, and we hold that the legal rights of plaintiff Town were threatened with direct and immediate injury from Chapter 539 so as to give the Town standing to challenge the Act. Thus the issue was properly before the trial court regardless of whether the individual plaintiffs have standing, and we need not decide this question.

[2]   The Constitution of North Carolina, Article II § 24 provides in part:

> (1) The General Assembly shall not enact any local, private, or special act or resolution:
>
>     . . . .
>
> (c) Authorizing the laying out, opening, altering, maintaining, or discontinuing of highways, streets, or alleys;
>
>     . . . .

In *Glenn v. Board of Education,* 210 N.C. 525, 187 S.E. 781 (1936) the General Assembly had adopted a law which closed a street in the Town of Spruce Pine. Our Supreme Court held that this act violated the section of the constitution then in effect which corresponds to the above section. We believe we are bound by *Glenn* to hold that Chapter 539 of the 1983 Session Laws violates Article II § 24 of the Constitution of North Carolina. Chapter 539 provides among other things that "vehicular access" with the exception of "public service, police, fire, rescue or other emergency vehicles" is excluded from the Inlet Drive right-of-way. Inlet Drive is a public street within the Town of Emerald Isle. We hold that Chapter 539 is a local act which discontinues a street.

The appellants contend, relying on *Adams v. Dept. of N.E.R.,* 295 N.C. 683, 249 S.E. 2d 402 (1978); *McIntyre v. Clarkson,* 254 N.C. 510, 119 S.E. 2d 888 (1961) and Ferrell, *Local Legislation in the North Carolina General Assembly,* 45 N.C. L. Rev. 340 (1967), that Chapter 539 is not a local act. They argue that an act is not necessarily a local act because it applies to only one unit of the state government. They argue that the test is whether "any rational basis reasonably related to the objective of the legislation can be identified which justifies the separation of units of local government into included and excluded categories." If this be the test we believe Chapter 539 is a local act. It does not create a class at all. It directs that vehicular travel be discontinued on a certain street in Emerald Isle. There is no classification which would require other streets to be so restricted in similar circumstances.

The appellants also contend that Chapter 539 does not discontinue a street because pedestrian traffic and public service and

emergency vehicles will be allowed to use it. We believe the ordinary understanding of the word "street" is that it is a place for the passage of motor vehicles used by the public. When the public is deprived of the use of such an area its use as a street is discontinued. The appellants also argue that the power of municipalities to regulate their streets is derived from and is subject to control by the General Assembly and the General Assembly has done no more than it had the power to do in this case, that is it has regulated a street. We agree with this principle. The General Assembly must exercise its power to regulate streets, however, within the limits of the Constitution which it has not done in this case.

Since we have held that Chapter 539 of the 1983 North Carolina Session Laws violates Article II, Section 24(1)(c) of the Constitution of North Carolina, we do not pass on that portion of the judgment of the superior court which holds it violates other parts of the Constitution.

[3] The superior court held that the parts of the section which it held unconstitutional could be severed. It ordered the defendants to comply with the remainder of the act. We hold that this was error. If the parts of a statute are interrelated and mutually dependent and one part is unconstitutional the whole statute must fail. *See Flippin v. Jarrell*, 301 N.C. 108, 270 S.E. 2d 482 (1980), *rehearing denied*, 301 N.C. 727, 274 S.E. 2d 228 (1981) and *Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1 (1966). Chapter 539 provides that its purpose is "for the provision of public pedestrian beach access." We believe from reading Chapter 539 that the legislative intent is that there shall be pedestrian access only to the acquired property. We do not believe the General Assembly would have adopted Chapter 539 unless vehicular traffic could be excluded. Now that we have held this part of the Chapter unconstitutional the entire Chapter must fail.

We affirm in part, reverse in part, and remand for a judgment consistent with this opinion.

Affirmed in part; reversed in part.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In my opinion Chapter 539 does not violate the North Carolina Constitution, Art. II, Sec. 24, because it would merely restrict the use of the street, not close it. When a street is "closed," the public is deprived of its use and title to the land comprising the right of way usually reverts to the abutting owners. G.S. 160A-299(c); 39 Am. Jur. 2d *Highways, Streets, and Bridges* Sec. 184 (1968). But instead of closing the street involved, Chapter 539 expressly permits its continued use as a way by the public, albeit in a restricted manner. Whether a way is a street is not determined by the unrestricted passage of motor vehicles over it, as the majority indicates. A street is but a public way or road in a city, town or village, Black's Law Dictionary 1274 (5th ed. 1979), and streets for public use were established long before motor vehicles existed. The use of vehicles upon streets may be regulated, controlled and restricted, if done in a reasonable manner, 60 C.J.S. *Motor Vehicles* Sec. 31 (1969), and Chapter 539 is such a regulation, in my opinion. *Glenn v. The Board of Education of Mitchell County*, 210 N.C. 525, 187 S.E. 781 (1936) has no application, because the special act tested there did undertake to close the street by transferring the land involved to the school board; which, of course, would have prevented the public from using it as a way.